**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 20-CV-61726-SINGHAL/DAMIAN

TAMARA WRIGHT,

Plaintiff,

v.

KILOLO KIJAKAZI,[1]
Commissioner of Social Security,

Defendant.
_________________________________/

**REPORT & RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 16 AND 17]**

THIS CAUSE is before the Court on the parties' Cross-Motions for Summary Judgment, filed September 6, 2021, and October 6, 2021, [ECF Nos. 16 and 17].[2] Plaintiff, Tamara Wright ("Plaintiff" or "Ms. Wright"), seeks reversal and remand of the Decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This matter was referred to the undersigned for a Report and Recommendation by the Honorable Raag Singhal, United States District Judge. [ECF No. 20]. *See* 28 U.S.C. § 636(b)(1)(B).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi shall be automatically substituted for Andrew Saul as Defendant in this suit. *See* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] Defendant filed two identical Motions for Summary Judgment on October 6, 2021. *See* [ECF Nos. 17 and 18]. For purposes of clarity and uniformity, this Report only refers to the first motion. [ECF No. 17].

The undersigned has reviewed the parties' briefing [ECF Nos. 16, 17, and 19], the administrative record [ECF No. 13], and all relevant authorities and is otherwise fully informed in the premises. For the reasons that follow, the undersigned recommends the Court deny Plaintiff's Motion for Summary Judgment [ECF No. 16], grant Defendant's Motion for Summary Judgment [ECF No. 17], and affirm the Decision of the Commissioner.

## I. BACKGROUND

### *A. Ms. Wright's Claims For Benefits*

Ms. Wright alleges disability beginning on August 21, 2018, due to right knee shattered and right ankle pain/surgery due to a car accident. (R. 247). She was forty-three (43) years old on her alleged onset date, such that she fell within the definition of a younger individual (under age 50). (R. 29, 54). *See* 20 C.F.R. § 404.1563(c). Ms. Wright has a limited education[3] and past work experience as a security guard, home health aide, and hair stylist. (R. 29).

### *B. Ms. Wright's Testimony Regarding Her Disabilities*

Ms. Wright testified at a hearing before the administrative law judge, José Perez-Gonzalez ("ALJ"), which was held on November 3, 2019. Ms. Wright testified that she can walk about fifteen steps with the use of a cane without stopping for a break. (R. 63–64). She further testified when she sits, she mostly sits on her left butt cheek to avoid a pain that starts at her toes and goes up her calf. (R. 64). And she testified that she can sit for about thirty minutes before having to get up and move around. (R. 65).

Ms. Wright also testified that she cleans, cooks, drives her children to school, and goes shopping on her own but that she sits in a chair with her foot elevated to take breaks while

[3] Ms. Wright testified that she has a high school education (R. 55). However, the ALJ found that Ms. Wright has a limited education. (R. 29). Either way, the issue has no bearing on the issues before the Court.

cooking, and that after driving her children to school, she goes home and sits with her leg elevated. (R. 67–68). According to her testimony, it takes Ms. Wright about forty-five minutes to drive her children to school and drive back home. (R. 91).

Ms. Wright testified that she is always experiencing pain, and that she periodically experiences sharp pain within her toes and heel. (R. 93). She further testified that she has swelling in her ankle and that her feet get swollen if they hang down for too long. (R. 94). For her pain, Ms. Wright takes Gabapentin three times a day (R. 68). However, she testified that the drug makes her sleepy and, therefore, she only takes it after driving her kids to school or going shopping. (R. 68). She further testified that she takes Celebrex for the swelling but that it does not work because she still gets swelling. (R. 69).

### *C. Relevant Medical Evidence And Expert Opinions Regarding Ms. Wright*

The record contains treatment notes, medical opinions, and testimony from numerous doctors and other professionals regarding Ms. Wright's condition. Below is a non-exhaustive summary of the relevant medical evidence and expert opinions regarding Ms. Wright's impairments, as well as the testimony of the impartial medical expert ("ME") and vocational expert ("VE").

#### 1. **Relevant Medical Evidence**

On August 21, 2018, Ms. Wright was involved in a serious car accident in which she sustained a grade 2 open right talar neck fracture dislocation and closed fracture of the right patella. (R. 297). That same day, Daniel Sheldon, M.D., a knee specialist, performed surgery on Ms. Wright. *Id*. Four days later, on August 25, 2018, Christopher Wong, M.D., a foot and ankle specialist, performed additional surgery on Ms. Wright. (R. 577). Following her surgeries, Ms. Wright underwent therapy and used a rolling walker to ambulate. (R. 372).

The record includes notes of assessments, observations, and evaluations by various medical doctors and consultants during the period following her accident and leading up to the hearing before the ALJ. Those were discussed in the ALJ's Decision and are summarized below.

On October 24, 2018, Dr. Wong noted that Ms. Wright's surgical incisions appeared to be healing well and that her ankle showed minimal swelling (R. 661). Imaging showed a healing talar neck fracture and good alignment, with joint space well-preserved. *Id.* On January 9, 2019, Dr. Wong noted that Ms. Wright had no tenderness to palpation, and while her range of motion was limited, it had improved by a couple degrees. (R. 681).

State agency medical consultants, Robert Steele, M.D. and Frank Walker, M.D. examined Ms. Wright on November 19, 2018, and on January 25, 2019, respectively. (R. 111–15, 132–135). The consultants opined that given Ms. Wright's pain, she would be able to perform work at the medium exertion level. (R. 113–14, 133–34).

In May 2019, Roland Kaplan, D.O., a consultative orthopedic examiner, observed Ms. Wright had a decreased range of motion in her right ankle (dorsiflexion), inversion, and eversion. (R. 691). Dr. Kaplan noted that despite her decreased range of motion, Ms. Wright performed activities of daily living independently with the use of a cane. (R. 701). Dr. Kaplan opined that Ms. Wright would be limited to working at a sedentary level and would need the use of a cane, along with other postural and environmental limitations. (R. 690–98).

On October 2, 2019, Dr. Wong conducted another evaluation and assessed Ms. Wright with neuropathy in her right ankle. (769). At that time, Ms. Wright reported she was able to walk, although with a limp, and could do limited walking and standing without an assistive device. *Id.* Also on October 2, 2019, Dr. Wong completed a physical capabilities evaluation for Ms. Wright and opined that Ms. Wright would be unable to work a full 8-hour

workday. (R.704–05). Dr. Wong further opined that Ms. Wright's allegations of pain are consistent with clinical findings and that Ms. Wright's pain would prevent her from working *Id*. Specifically, Dr. Wong found that Ms. Wright's "traumatic neuropathy of right lower extremity after open right talus fracture dislocation" was the source of the majority of her pain. (R. 705).

On November 13, 2019, Ms. Wright saw Sergio Leching, M.D., a pain specialist. (R. 882–84). Dr. Leching noted swelling and tenderness on Ms. Wright's right ankle upon palpation. (R. 884). Dr. Leching diagnosed Ms. Wright with pain in her right ankle and joints of the right foot. *Id*. He prescribed Celebrex for her pain. (R. 885).

On January 30, 2020, Alan K. Novick, M.D., conducted nerve tests (EMO and NCV) on Ms. Wright's right lower extremity. (R. 16). Dr. Novick's impression was that Ms. Wright suffered from severe right tibial neuropathy at the right ankle. *Id*.

**2. Medical Expert Testimony**

At the hearing before the ALJ, Joseph Gaeta, M.D., testified as an impartial medical expert ("ME").[4] (R. 88–105). Dr. Gaeta testified that based on his review of the record and Ms. Wright's testimony, his opinion is that Ms. Wright's impairments do not meet or equal a listing. (R. 90). Dr. Gaeta further testified that based on a review of the record evidence from the orthopedic doctors, at the time of the hearing—a little more than one year after her surgery, Ms. Wright should be able to stand or walk intermittently up to an hour a day. (R. 95). Therefore, Dr. Gaeta opined that Ms. Wright's "main issue right now is really the pain issue." *Id*. However, Dr. Gaeta commented that the recent examination of Ms. Wright by Dr. Leching, a pain management specialist, was "not very remarkable" and noted that Ms.

[4] Dr. Gaeta specializes in general medicine. (R. 88).

Wright is not on any strong pain medication. (R. 100–01). He assessed Ms. Wright with an RFC to stand and walk two hours throughout a day, lift twenty pounds, and sit six hours with intermittent breaks. (R. 102). He further opined that Ms. Wright would have postural limitations, manipulative issues with her foot, and would need to use a cane. (R. 102–03).

### 3. <u>Vocational Expert Testimony</u>

At the hearing before the ALJ, an impartial vocational expert ("VE") testified that a person with Ms. Wright's same age, education, work experience, and RFC cannot perform her past work experience. (R. 73). When asked whether other jobs exist in significant numbers in the national economy for a person with Ms. Wright's age, education, work experience, and RFC, the VE provided three representative occupations such a person could perform: charge account clerk, food and beverage order clerk, and document preparer. (R. 73–74).

## II. PROCEDURAL BACKGROUND

On September 4, 2018, less than a month after her accident, Ms. Wright applied for DIB and SSI benefits. (R. 22). Her applications were initially denied on November 26, 2018, and again, upon reconsideration, on January 31, 2019. (R. 149, 153, 159, 166). Ms. Wright then requested a hearing, which was held before ALJ Perez-Gonzalez on November 3, 2019, and continued on December 3, 2019. (R. 51–107). On January 3, 2020, the ALJ issued the Decision finding that Ms. Wright has not been disabled under Sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act since August 21, 2018, the alleged onset date (R. 30). Ms. Wright's request for review of the ALJ's Decision was denied by the Appeals Council on July 17, 2020, rendering the ALJ's Decision as the Commissioner's "final" determination. (R. 1–6); *see* 42 U.S.C. § 405(g); *see also Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

Having exhausted her administrative remedies, on August 25, 2020, Ms. Wright filed the instant action seeking review of the ALJ's Decision. [ECF No. 1]. *See* 42 U.S.C. § 405(g). Thereafter, Ms. Wright filed a Motion for Summary Judgment on September 6, 2021. [ECF No. 16]. Defendant, the Commissioner of the SSA ("Defendant" or the "Commissioner"), filed a Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment on October 6, 2021. [ECF No. 17]. Ms. Wright filed her Reply on October 25, 2021. [ECF No. 19].

Both parties' motions are ripe for adjudication.

## III. THE SEQUENTIAL EVALUATION PROCESS

To be eligible for DIB and SSI, a claimant must be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1328c(a)(1)-(2). A claimant is disabled if she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C §§ 423(d)(1)(A), 1382c(a)(3)(A); *Bacon v. Comm'r of Soc. Sec.*, 861 F. App'x 315, 317 (11th Cir. 2021). A plaintiff bears the burden of proving she is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1512(a), (c), 416.912(a), (c).

The ALJ must determine whether a claimant is disabled under Sections 216(i), 223(d), or 1614(a)(3)(A) of the Act by applying the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1); *Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

At step one of this process, the ALJ must determine whether the claimant is unable to engage in substantial gainful activity ("SGA"). *Id*. SGA is defined as work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572, 416.972. Generally, if a claimant's labor

earnings are above a specific level set out in the regulations, it is presumed that she has demonstrated the ability to engage in SGA. 20 C.F.R. §§ 404.1574-75, 416.974-5. If a claimant can engage in SGA, the ALJ will find that she is not disabled for that period of time. 20 C.F.R. §§ 404.1571, 416.971.

At step two, the ALJ must determine whether the claimant has a severe medically determinable mental or physical impairment ("MDI") or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is severe if it significantly limits an individual's ability to perform basic work activities. *Id*. If the claimant does not have an MDI or combination of impairments that is severe, she is not considered disabled. *Id*.

At step three, the ALJ must determine whether the claimant's impairment or combination of impairments is of a severity that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525-26; *see also* §§ 416.920(d), 416.925-26. If so, the claimant is disabled. *Id*. If not, the analysis proceeds to the next step. *Id*. Before considering step four, however, the ALJ must first determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ must make this determination while stating "with particularity the weight given to different medical opinions and the reasons therefor." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)).

At step four, the ALJ must determine whether the claimant can perform her past relevant work, in light of her RFC. 20 C.F.R. §§ 404.1520(f), 416.920(f). Past relevant work means work performed (either in the manner claimant actually performed it or as it is generally performed in the national economy) within 15 years prior to the date claimant's disability must be established. 20 C.F.R. §§ 404.1560, 416.960. If the claimant has the RFC to do her past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is unable to do any of her past relevant work, the analysis proceeds to the final step.

At the fifth and final step, the ALJ must determine whether the claimant is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant can do other work, she is not disabled. *Id*. If she is unable to do other work, she is disabled. *Id*. At step five, the burden temporarily shifts to the Commissioner to show the existence of other jobs in the national economy that exist in significant numbers that the claimant can perform, given her impairments. 20 C.F.R. §§ 404.1512, 404.1560(c), 416.912, and 416.960(c). The ALJ makes this determination by considering both the Dictionary of Occupational Titles ("DOT") and testimony from an impartial vocational expert ("VE"). *See Buckwalter*, 5 F.4th at 1321.

## IV. THE ALJ'S DECISION

Applying the foregoing process to Ms. Wright's claims for benefits, the ALJ found at step one that Ms. Wright has not engaged in substantial gainful activity since August 21, 2018, the alleged onset date, and, at step two, that Ms. Wright's "right foot and ankle fracture status post-surgery and obesity" are severe impairments. (R. 24).

At step three of the sequential evaluation process, the ALJ determined that the severity of Ms. Wright's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 25).

Before proceeding to step four, the ALJ assessed Ms. Wright's RFC and found that she can perform sedentary work with some limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is able to lift and/or carry 20 lbs. occasionally and 10 lbs. frequently. The claimant is able to sit for 6 hours out of an 8-hour workday and walk/stand for 2 hours out of an 8-hour workday. The claimant is able to stand and walk for no more than 30 minutes at a time. The claimant requires a cane to ambulate. Without the use of a cane, the claimant is able to walk up to 10 steps. The claimant should avoid walking on uneven terrain. The claimant is unable to climb ramps, stairs, ladders, ropes, or scaffolds. She can never balance or crawl. She is able to occasionally stoop, kneel, and crouch. The claimant should avoid all exposure to unprotected heights and moving mechanical parts. She should avoid even moderate exposure to operating a motor vehicle. The claimant can never use foot controls with her right foot, but can occasionally operate foot controls with her left foot. The claimant can handle small objects with her free hand when using a cane.

(R. 25)

Based on his assessment of Ms. Wright's RFC, at step four of the sequential evaluation process, the ALJ found that Ms. Wright is unable to perform any past relevant work. (R. 29). In concluding that Ms. Wright could not perform her past relevant work, the ALJ relied on testimony from the VE that a hypothetical individual with Ms. Wright's age, education, work experience, and RFC would be unable to perform the physical demands of her past relevant work experience. (R. 29, 73)

At step five, the ALJ asked the VE whether jobs exist in significant numbers in the national economy that a hypothetical person with Ms. Wright's limitations and RFC could perform. (R. 29–30, 73). The VE testified that such jobs do exist and that a person with Ms.

Wright's RFC could work as a charge count clerk, a food and beverage order clerk, and a document preparer. (R.73–74).

Based on the VE's testimony, the ALJ concluded that Ms. Wright is capable of making a successful adjustment to other work that exists in significant numbers in the national economy and, therefore, found that she is not disabled. (R. 29–30).

## V. APPLICABLE STANDARDS FOR REVIEW OF THE ALJ'S DECISION[5]

The Court's review of the ALJ's Decision is limited to determining whether it is supported by substantial evidence and whether the correct legal standards were applied. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance. *Id*. (citations omitted); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion. *Buckwalter*, 5 F.4th at 1320. A court must defer to the ALJ's Decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it. *Id*. A court may not redecide facts, reweigh the evidence, or substitute its judgment for that of the ALJ. *Id*. Although factual findings enjoy such deference, the ALJ's legal analysis and conclusions are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

## VI. ISSUES RAISED IN THE PARTIES' MOTIONS

In her Motion for Summary Judgment, Ms. Wright argues that the ALJ did not properly assess the record evidence in concluding that Ms. Wright could perform sedentary

[5] The standard of review in SSI cases is the same as the standard for DIB cases. 42 U.S.C. § 1383(c)(3). Consequently, the case law addressing DIB cases is generally applicable to SSI cases.

work. *See* Mot. at 4, 9. Specifically, Ms. Wright asserts that the ALJ did not give adequate consideration to Dr. Wong's opinions nor to Ms. Wright's testimony and that based on Dr. Wong's physical capabilities evaluation and Ms. Wright's testimony at the hearing, the ALJ should have found that Ms. Wright is unable to perform even sedentary work. *Id*. at 9. Ms. Wright submits that these issues warrant reversal of the ALJ's Decision or, alternatively, remand with instructions for the ALJ to provide substantial evidence that supports his step five finding and to properly assess the record evidence. *Id*.

The Commissioner responds, in her Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment, that Ms. Wright's Motion should be denied because she is asking the Court to impermissibly reweigh the evidence in a manner more favorable to her claim. Resp. at 2. The Commissioner argues that the ALJ properly evaluated Ms. Wright's claims and the medical evidence of record in determining Ms. Wright's highly restrictive RFC, and, therefore, the ALJ's Decision should be upheld. *Id*.

## VII. DISCUSSION

### *A. Whether the ALJ's Findings Regarding Dr. Wong's Opinions Are Supported By Substantial Evidence.*

In his Decision, the ALJ noted, "Christopher Wong, M.D., opined that the claimant would be unable to work a full 8-hour workday, that she would need to be able to recline or laydown, and that the claimant's pain would prevent her from working." (R. 28). The ALJ found Dr. Wong's opinion to be unpersuasive for several reasons:

> [I]t is inconsistent with the longitudinal medical record, which shows that the claimant is able to ambulate without a cane for a few steps and walk farther with a cane, that she can drive, and that the claimant is not taking pain medication to such a degree that it would interfere with her ability to work. Additionally, this opinion is inconsistent with the two opinions given by the consultative examiner and the medical expert. Moreover, while the consultant supported his opinion with examinations of the claimant, he did not appear to exam[ine] the claimant

> recently and referenced a medical examination over a year ago in November 2018 to support his opinion.

*Id*.

Additionally, the ALJ found Dr. Wong's opinions to be inconsistent with the opinions of Drs. Gaeta and Kaplan, both of whom found that Ms. Wright could work at a sedentary level with additional limitations (R. 28, 102–03 690–98). The ALJ found both these opinions to be consistent with the longitudinal medical records, which show Ms. Wright's ability to walk, increased range in motion, and healed talar fracture. (R. 28). The ALJ also found Dr. Gaeta's opinion persuasive because it was supported by a detailed review of the medical records and a detailed explanation at the hearing of medical records. (R. 28). And the ALJ found Dr. Kaplan's opinion persuasive because it was supported by a timely and detailed examination of Ms. Wright. *See id*.

In her Reply, Ms. Wright argues that the opinions of Dr. Kaplan and Dr. Gaeta are neither supported by nor consistent with the record. Reply at 3, 6. In particular, Ms. Wright argues that neither doctor is an orthopedic surgeon who performs surgery, and, therefore, both should be disqualified from giving any opinion as to how the surgery affected Ms. Wright. *Id*. at 3. Ms. Wright also cites to specific excerpts from Dr. Gaeta's hearing testimony and points out alleged discrepancies in arguing that Dr. Gaeta's opinions are not consistent with or supported by the record. *Id*. at 3-5. On the other hand, Ms. Wright argues that Dr. Wong's opinion is consistent with and supported by the record, citing, in particular, Dr. Wong's October 2019 examination of Ms. Wright and Dr. Kaplan's January 2020 nerve tests and impression. *Id*. at 5–6.

The ALJ is charged with the duty to weigh the evidence, to resolve material conflicts in the testimony, and to determine the case accordingly. *Wheeler v. Heckler*, 784 F.2d 1073,

1075 (11th Cir. 1986). This Court's role, on the other hand, is far more limited. This Court cannot reweigh the evidence, make credibility determinations, or substitute its own judgment for the Commissioner's. *See Moore*, 405 F.3d at 1213 ("To the extent that [claimant] points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner]'" (citation omitted)). Instead, this Court's role is to determine whether the ALJ's Decision is supported by substantial evidence. *See Buckwalter*, 5 F.4th at 1320. Specifically, based on Ms. Wright's challenges, this Court is charged with determining whether the ALJ's finding that Dr. Wong's opinion was unpersuasive is supported by substantial evidence.

As discussed by the ALJ in the Decision, the record indicates that Ms. Wright can walk about fifteen steps without the use of a cane and can walk farther with a cane. (R. 63–65, 701, 769). The record evidence also indicates that Ms. Wright performs activities of daily living independently, including cooking, cleaning, driving, and shopping. (R. 67–68, 701). And although Ms. Wright testified that her medication makes her drowsy, the ALJ and ME noted that Ms. Wright is not taking any serious pain medication that would interfere with her ability to work. (R. 28, 101). This evidence is not consistent with Dr. Wong's opinion that Ms. Wright is unable to work. Moreover, the ALJ found Dr. Wong's opinion to be inconsistent with the opinions of Drs. Gaeta and Kaplan, which the ALJ found to be persuasive, that Ms. Wright is able to work. (R. 28). The record evidence cited by the ALJ supports the ALJ's finding that Dr. Wong's opinion was unpersuasive. *See Buckwalter*, 5 F.4th

at 1320. This Court may not reweigh that evidence at this stage. Accordingly, the undersigned finds the ALJ's finding regarding Dr. Wong's opinion is supported by substantial evidence.

Therefore, based on the foregoing, to the extent Ms. Wright's Motion is based on the ALJ's alleged failure to consider the opinion of Dr. Wong, the undersigned recommends the Motion be denied.

***B. Whether the ALJ's Findings Regarding Ms. Wright's Testimony Are Supported By Substantial Evidence.***

At the hearing before the ALJ, Ms. Wright testified regarding her pain. She testified that when she sits, she mostly sits on her left butt cheek to avoid a pain that starts at her toes and goes up her calf. (R. 64). She further testified that she can sit for about thirty minutes before having to get up and move around. (R. 65). Although she admitted to cooking, cleaning, and driving independently, Ms. Wright testified that she must take breaks while cooking and cleaning and must rest, with her foot elevated, after coming home from shopping or taking her kids to school. (R. 67-68). Ms. Wright also testified that she is always experiencing pain, and that she periodically gets sharp pain within her toes and heel. (R. 93). For her pain, Ms. Wright takes Gabapentin three times a day (R. 68).

Ms. Wright argues that based on her testimony regarding pain, together with Dr. Kaplan's impression of neuropathy in the right ankle and Dr. Wong's opinion relating that pain to traumatic neuropathy, the ALJ should have found her unable to perform even sedentary work. Mot. at 7–9.

As stated above, this Court cannot reweigh the evidence or substitute its own judgment for the Commissioner's. *See Moore*, 405 F.3d at 1213. Rather, this Court must affirm the ALJ's Decision if it is supported by substantial evidence, even if, in the Court's view, the evidence preponderates against the ALJ's findings. *See Buckwalter*, 5 F.4th at 1320.

In the Decision, the ALJ found that Ms. Wright's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not entirely consistent with the evidence in the record. (R. 26). The ALJ acknowledged Ms. Wright's statements find some support in the record, notably her longitudinal symptoms of ankle pain and physical examinations showing tenderness and numbness in her right ankle. (R. 26–27). However, the ALJ found that Ms. Wright's continued improvement with therapy, conservative pain treatment, increased amount of daily activities, and the opinions of the consultative examiner and medical expert do not support Ms. Wright's allegations regarding her pain. (R. 27).

A reasonable person could find the evidence cited by the ALJ is adequate to support the ALJ's conclusion that Ms. Wright's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not entirely consistent with the record. *See Buckwalter*, 5 F.4th at 1320. Accordingly, the undersigned finds the ALJ's findings concerning Ms. Wright's testimony are supported by substantial evidence.

For the foregoing reasons, the undersigned recommends the Court deny Ms. Wright's Motion for Summary Judgment to the extent the Motion is based on the ALJ's failure to properly assess Ms. Wright's testimony regarding her pain.

## VIII. CONCLUSION AND RECOMMENDATION

In sum, although the record does support Ms. Wright's testimony that she is experiencing pain and that she does have some very real limitations, Ms. Wright has not demonstrated that the ALJ's Decision finding that she is not disabled under the SSA is not supported by substantial evidence.

Accordingly, the undersigned respectfully recommends that the Decision of the Commissioner be **AFFIRMED**, that Plaintiff's Motion for Summary Judgment [ECF No.

16] be **DENIED**, and that Defendant's Motion for Summary Judgment [ECF No. 17] be **GRANTED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Raag Singhal, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 18th day of May 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Raag Singhal, *U.S. District Judge*
Counsel of Record